UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE: MARGUERITE POTTER,

MARGUERITE POTTER and KEVIN POTTER, *pro se*,

    Appellants,

v.

CUMBERLAND COUNTY SHERIFF'S DEPARTMENT and CUMBERLAND COUNTY PROSECUTOR'S OFFICE,

    Appellees.

Case No. 1:21-cv-18464

On Appeal from
Bankruptcy Case No. 1:11-bk-40237

**OPINION**

**<u>APPEARANCES</u>**:

Marguerite Potter, *pro se*
Kevin Potter, *pro se*
127 Woodmere Avenue
Mays Landing, NJ 08330

    *Appellants*.

Shanna McCann
Chance & McCann LLC
201 West Commerce Street
Bridgeton, NJ 08302

    *On behalf of Appellee Cumberland County Sheriff's Department.*

Jae K. Shim
Office of the Attorney
  General of New Jersey
25 Market Street, P.O. Box 116
Trenton, NJ 08625

    *On behalf of Appellee Cumberland County Prosecutor's Office.*

**O'HEARN, District Judge.**

This matter comes before the Court on an appeal filed by *pro se* Appellants Kevin and Marguerite Potter (together, "Appellants") seeking the reversal of a decision of the U.S. Bankruptcy Court for the District of New Jersey ("the Bankruptcy Court") that retroactively annulled the automatic bankruptcy stay contemplated by 11 U.S.C. § 362(a)(1) with respect to the seizure of certain personal property through an ejectment action in the Superior Court of New Jersey, Cumberland County, several years earlier. (Am. Not. of Appeal, ECF No. 2). The Court did not hear oral argument pursuant to Federal Rule of Bankruptcy Procedure 8013(c). For the reasons that follow, the Court **AFFIRMS** the Bankruptcy Court's decision.

## I. BACKGROUND[1]

This appeal's circuitous history began in February 2009 when Appellant Kevin Potter filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Middle District of Florida ("the Florida Court"). (AA 786).[2] In that proceeding, Mr. Potter claimed that he had deeded a property in Millville, New Jersey, to his mother, Appellant Marguerite Potter, and her sole proprietorship, Delmarva Enterprises, and therefore had no remaining assets. (AA 786). The Florida Court set aside this transaction as fraudulent and included the property in Mr. Potter's bankruptcy estate. (AA 786). On July 11, 2011, the Florida Court ordered Appellants to vacate the property within thirty days. (AA 786).

Appellants refused to comply with the Florida Court's Order. (AA 788). Consequently, the bankruptcy trustee filed an ejectment action in the Superior Court of New Jersey, Cumberland

---

[1] The facts recited in this Opinion are drawn from Appellants' Appendix, (ECF Nos. 11–20), and are not disputed by Appellees unless otherwise noted. For clarity, the Opinion refers to this Appendix using the citation form "(AA [page number])."

[2] *In re Potter*, No. 09-01080 (Bankr. M.D. Fla. Filed Feb. 19, 2009).

County. (AA 788). On October 19, 2011, the day before the scheduled eviction, Ms. Potter filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for this District. (AA 584–90). Appellants were nonetheless evicted on October 20, 2011. (AA 788). Ms. Potter's bankruptcy matter was terminated a few weeks later on November 23, 2011. (AA 788).

On October 17, 2017, six years after their eviction, Appellants filed suit against Appellees (and others) alleging, as relevant here, that Appellees had violated the automatic bankruptcy stay imposed by 11 U.S.C. § 362(a)(1) after the filing of Ms. Potter's Chapter 13 petition when they evicted Appellants from the Millville property. (AA 1–48).[3] This Court initially dismissed Appellants' Complaint *sua sponte* for lack of subject matter jurisdiction, but the U.S. Court of Appeals for the Third Circuit reversed that dismissal on Appellants' appeal. (AA 595–603, 791–92).

On remand, Appellees filed a motion to dismiss that the Court granted in part. (AA 781). As to Appellants' claims that Appellees had violated the stay by seizing the Millville property, the Court held that the claims were foreclosed by the orders of the Florida Court. (AA 806). The Court held, however, that Ms. Potter had stated a stay-violation claim with respect to the seizure of her personal property at the address; Mr. Potter, in contrast, lacked standing to assert such a claim. (AA 806).

In addition to their motion to dismiss, Appellees also a filed a motion to retroactively annul the automatic stay with respect to Ms. Potter's Chapter 13 petition, which would vitiate any stay violation caused by the property seizure. (AA 824). The Court referred that motion to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and this Court's Standing Order 12-1. (AA 824–26).

---

[3] *Potter v. Newkirk*, No. 17-08478 (filed Oct. 17, 2017).

3

After this Court's referral, the Bankruptcy Court *sua sponte* reopened Ms. Potter's previously-terminated Chapter 13 bankruptcy matter for the consideration of Appellees' motion. (AA 1251–53). Before reaching the motion's merits, the Bankruptcy Court concluded that Mr. Potter lacked standing to participate in the proceedings and dismissed him. (AA 1248–51). Then, on the merits, the Bankruptcy Court found that Appellees were not on notice of Ms. Potter's bankruptcy petition; Ms. Potter had acted inequitably, unreasonably, and dishonestly; and Appellees would be prejudiced if the automatic stay were not annulled. (AA 1254–59). Considering these facts, the balance of the equities supported the stay's annulment. (AA 1259). Accordingly, for this reason among others, the Bankruptcy Court granted Appellees' motion and retroactively annulled the stay. (AA 1262).

This timely appeal of the Bankruptcy Court's decision followed. (AA 1265–67).

## II.      LEGAL STANDARD

District courts have mandatory jurisdiction over appeals from final orders of bankruptcy courts under 28 U.S.C. § 158(a)(1). Courts considering such appeals review "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007) (quoting *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005)).

## III.     DISCUSSION

Appellants seek reversal of the Bankruptcy Court's decision to retroactively annul the automatic bankruptcy stay with respect to the seizure of certain personal property in an earlier state court ejectment action, arguing (i) this Court erred in referring Appellees' motion to annul the stay to the Bankruptcy Court in the first place; (ii) the Bankruptcy Court erred in exercising subject matter jurisdiction; (iii) the Bankruptcy Court erred in reopening Ms. Potter's previously-closed

4

bankruptcy matter; and (iv) the Bankruptcy Court abused its discretion in retroactively annulling the stay. (ECF No. 24 at 1–2; ECF No. 25 at 1–2). The Court will first address the issue of Mr. Potter's standing to participate in this matter before addressing each of these bases for appeal. Because it concludes that neither it nor the Bankruptcy Court erred, the Court affirms the decision of the Bankruptcy Court.

### A. The Bankruptcy Court Correctly Concluded that Mr. Potter Lacks Standing.[4]

To participate in bankruptcy proceedings, parties must fulfill the standing requirements imposed by Article III of the U.S. Constitution and by the U.S. Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *See In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011). The Constitution requires parties to demonstrate "an 'injury in fact' that is 'concrete,' 'distinct and palpable,' and 'actual or imminent'" that "fairly can be traced to the challenged action

---

[4] Appellees also argue—somewhat in passing—that Mr. Potter lacks *appellate* standing. (ECF No. 29 at 9). Although they have a colorable argument, the Court disagrees. To be sure, the standing analysis in bankruptcy appeals has been described as even "more restrictive" than the traditional case-or-controversy requirement under Article III of the Constitution. *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 370–71 (3d Cir. 2022) (quoting *Travelers Ins. Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737, 741 (3d Cir. 1995)). "[S]tanding in bankruptcy appeals has been limited to 'person[s] aggrieved' and . . . parties meet that standard only when a contested order 'diminishes their property, increases their burdens, or impairs their rights.'" *Id.* (citations omitted) (quoting *Travelers Ins. Co.*, 45 F.3d at 742). As an earlier case put it, "only those persons whose rights or interests are directly and adversely affected pecuniarily by an order of the bankruptcy court may bring an appeal." *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000) (quotations and citation omitted). The thrust of the Bankruptcy Court's findings below is that Mr. Potter lacks such an interest: he was not a party to the original bankruptcy petition; he was not, as he claimed, a "*bona fide* creditor" entitled to intervene; and he had no legally protected interest or sufficient stake in the bankruptcy to warrant his participation. (AA 1250–51). That said, in determining that Mr. Potter lacked standing to participate in the proceedings below, the Bankruptcy Court issued an adverse legal determination against him directly, necessarily impairing rights that he argues he possesses. *Cf. IPSCO Steel (Ala.), Inc. v. Blaine Constr. Corp.*, 371 F.3d 150, 153 (describing the standard for determining when a non-party may appeal in non-bankruptcy proceedings). On this Court's reading, that is sufficient to confer appellate standing upon him, even under the more restrictive bankruptcy standard. All the same, as discussed below, the Bankruptcy Court's conclusion that he lacked standing in its proceedings was correct on the merits.

and is likely to be redressed by a favorable decision." *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The Bankruptcy Code and Rules require that parties demonstrate that they are "part[ies] in interest" to a particular proceeding. *See* FED. R. BANKR. P. 2018(a) ("In a case under the Code, . . . the court may permit any interested entity to intervene generally or with respect to any specified matter."). Despite their different formulations and sources of authority, the Third Circuit has acknowledged that "Article III standing and standing under the Bankruptcy Code are effectively coextensive." *In re Global Indus.*, 645 F.3d at 211.

With respect to parties seeking to reopen a previously-closed bankruptcy proceeding, the Bankruptcy Rules explicitly provide that "a case may be reopened on motion of . . . [a] party in interest pursuant to [11 U.S.C.] § 350(b)." FED. R. BANKR. P. 5010. And although the Code and Rules do not directly address standing to *oppose* reopening a bankruptcy proceeding, bankruptcy courts locally and nationwide have applied the same party-in-interest test. *E.g.*, *In re Phillips*, No. 09-28759, 2012 WL 1232008, at *1–3 (Bankr. D.N.J. Apr. 12, 2012); *In re Tarrer*, 273 B.R. 724, 730 (Bankr. N.D. Ga. Oct. 1, 2001).

Although not applicable to Chapter 13 bankruptcy proceedings directly, courts conducting the party-in-interest analysis in such proceedings often look to 11 U.S.C. § 1109(b)—which identifies who may be heard in Chapter 11 bankruptcy proceedings—for guidance. *E.g.*, *In re D'Antignac*, No. 05-10620, 2013 WL 1084214, at *2 (Bankr. S.D. Ga. Feb. 19, 2013) (citing *In re Tarrer*, 273 B.R. at 730–31). The Third Circuit has held that a party in interest under § 1109(b) is "one who 'has a sufficient stake in the proceeding so as to require representation,'" *In re Global Indus.*, 645 F.3d at 210 (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985)), or "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding," *id.* (quoting *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992)).

6

Applying this standard, the Bankruptcy Court concluded that Mr. Potter was not a party in interest and therefore lacked standing to participate in these proceedings. Specifically, it explained that Mr. Potter, as a *pro se* litigant, could not seek to vindicate his mother's interests in her personal property in a bankruptcy proceeding or otherwise, and further explained that he personally is not—contrary to his claims—a *bona fide* creditor to his mother. (AA 1250–51). Because he therefore lacked a "legally protected interest" or a "sufficient stake" in the proceeding, he lacked standing to participate. (AA 1251).

Neither Mr. Potter nor his mother meaningfully challenge this analysis. (Mr. Potter's Br., ECF No. 24; Ms. Potter's Br., ECF No. 25). This Court previously held that Mr. Potter lacked standing in the related civil action—a decision that was never appealed. (AA 783–836). The Bankruptcy Court concluded that Mr. Potter lacked standing in the bankruptcy proceeding, (AA 1251), and Appellants do not argue otherwise here. Accordingly, the Court declines to disturb the Bankruptcy Court's decision: it is substantively correct, and any argument to contrary has been waived. *Cf. Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 n.2 (3d Cir. 2001) (recognizing in the non-bankruptcy context that an appellant's failure to raise an argument in his opening brief waives that issue on appeal). Mr. Potter lacked standing to participate below and the Bankruptcy Court's decision with respect to this issue is affirmed.

### B. This Court Did Not Err in Referring the Motion to Retroactively Annul the Automatic Stay to the Bankruptcy Court.

To begin, the Court must note that it does not sit in review of itself. Before this case's reassignment to the present District Judge, Judge Robert B. Kugler referred Appellees' Motion to Retroactively Annul the Automatic Stay to the Bankruptcy Court via an Order dated October 17, 2020. (AA 781). Appellants could have but did not seek reconsideration of that Order under Local Civil Rule 7.1(i). Docket, *Potter v. Newkirk*, No. 17-08478 (D.N.J. filed Oct. 17, 2017). Nor did

7

they move for withdrawal of this Court's referral under 28 U.S.C. § 157(d). *Id.* By failing to do so, Appellants allowed the case to proceed to the Bankruptcy Court and be litigated to this point; the proverbial ship has sailed and Appellants missed the boat.[5] *See In re Earth Pride Organics, LLC*, 602 B.R. 1, 14–15 (E.D. Pa. 2019) (discussing the importance of timing in consideration of motions to withdraw referrals to bankruptcy courts).

Regardless, even considering Appellants' too-little-too-late arguments, they are without merit. Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Although this statute's remit is permissive, this Court's Standing Order 12-1 provides

> Any or all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 of the United States Code, or arising in or relating to a case under Title 11 of the United States Code *shall be referred* to the bankruptcy judges for the district.

(AA 628–29 (emphasis added)). Among the proceedings that must be referred to the Bankruptcy Court under these authorities are "motions to terminate, annul, or modify the automatic stay." 28 U.S.C. § 157(b)(2)(G). Thus, not only was this Court *justified* in its referral of this matter to the Bankruptcy Court but *obligated* under Standing Order 12-1. *See, e.g.*, *In re O'Grady*, 20-18906,

---

[5] The Court notes that, via an Order dated April 24, 2020, it prohibited Appellants from filing any additional motions in the related civil action without the Court's leave due to their "long history of engaging in "abusive, groundless, and vexatious litigation." Order at 2, *Potter v. Newkirk*, No. 17-08478 (D.N.J. Apr. 24, 2020) (Kugler, J.) (quoting *Potter v. Newkirk*, No. 19-1728, 2020 WL 549767, at *3 (3d Cir. Feb. 4, 2020)), ECF No. 114. Appellants appear to have sought leave to file "opposition to the entry of doc. no. 145 & 146"—the Opinion and Order that referred this matter to the Bankruptcy Court—which might be interpreted as a motion for reconsideration. Letter, *Potter v. Newkirk*, No. 17-08478 (D.N.J. Oct. 26, 2020), ECF No. 147. The Court did not grant their request. Docket, *Potter v. Newkirk*, No. 17-08478 (D.N.J. filed Oct. 17, 2017). In any event, the impropriety of the Court's referral of this matter to the Bankruptcy Court was not the basis for their objection. Letter, No. 17-08478, ECF No. 147.

2022 WL 1058379, at *3 (D.N.J. Apr. 8, 2022) (noting that "Standing Order [12-1] refer[s] all bankruptcy cases to the Bankruptcy Court"). Appellants' arguments to the contrary are meritless and the Bankruptcy Court's decision is again affirmed.

### C. The Bankruptcy Court Had Subject Matter Jurisdiction.

For the same reasons that the Court did not err in referring this matter to the Bankruptcy Court, the Bankruptcy Court had subject matter jurisdiction. "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." § 157(b)(1). "Core proceedings" include "motions to terminate, annul, or modify the automatic stay." § 157(b)(2)(G). The Bankruptcy Court thus had jurisdiction over this matter and its decision is affirmed.

### D. The Bankruptcy Court Did Not Err by Reopening Ms. Potter's Prior Bankruptcy Proceeding.

Bankruptcy courts are empowered under 11 U.S.C. § 105(a) to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and may do so *sua sponte*. § 105(a). This power includes the ability to reopen *sua sponte* a previously-closed bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 248 n.10 (3d Cir. 2007) ("[I]t was within the bankruptcy judge's discretion to reopen the bankruptcy case sua sponte so that 'matters that have a significant connection with the administration of the case can be addressed.'" (quoting *In re Earned Capital Corp.*, 331 B.R. 208, 217 (Bankr. W.D. Pa. 2005))). The prior closing of a case has no effect on a bankruptcy court's jurisdiction. *Donaldson v. Bernstein*, 104 F.3d 547, 551–52 (3d Cir. 1997) ("[W]e reject any contention that the bankruptcy court lacked jurisdiction on the ground that it was acting in a closed case."). Thus, after this Court properly referred this matter to

9

the Bankruptcy Court, the Bankruptcy Court had jurisdiction to and did not err by *sua sponte* reopening this case to address it. Its decision is once again affirmed.

### E. The Bankruptcy Court Did Not Abuse Its Discretion by Retroactively Annulling the Stay.

The automatic bankruptcy stay imposed by 11 U.S.C. § 362(a) may be terminated, annulled, modified, or may have conditions placed upon it "for cause, including the lack of adequate protection of an interest in property of [a] party in interest." § 362(d)(1). Such relief may also be granted retroactively to validate transactions that would otherwise be voided by the stay. *See In re Myers*, 491 F.3d 120, 127–28 (3d Cir. 2007); *In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994). "Whether to grant relief from an automatic stay is 'a decision committed to the bankruptcy court's discretion, and may be reversed only for abuse of that discretion.'" *In re Marasek*, 08-30919, 2015 WL 1799743, at *3 (D.N.J. Apr. 16, 2015) (quoting *In re Myers*, 491 F.3d at 128). A court abuses its discretion when it rests its decision "'upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact,' but a decision will not be overturned unless 'no reasonable person would adopt the [lower] court's view.'" *Id.* (quoting *In re SGL Carbon Carp.*, 200 F.3d 154, 159 (3d Cir. 1999)).

In exercising their discretion, bankruptcy courts "do not apply a rigid test to determine if 'good cause' exists [to annul a stay] but instead employ a 'balancing test in which the interests of the Debtor's estate are weighed against the hardships that will be incurred by the movant.'" *Id.* (quoting *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 761 (D.N.J. 1996)). Courts may consider "a number of factors" in conducting this analysis, *see In re Coletta*, 336 F. App'x 202, 205 (3d Cir. 2009), including "(1) whether the creditor was aware of the filing or encouraged violation of the stay; (2) whether the debtor engaged in inequitable, unreasonable, or dishonest behavior; and (3) whether the creditor would be prejudiced." *In re Myers*, 491 F.3d

10

at 129. Courts have "wide latitude" in considering these factors and in balancing "the equities when granting relief from the automatic stay." *Id.* at 130.

Assessing these factors, the Bankruptcy Court concluded that the equities supported retroactively annulling the stay, finding that (i) Appellees were not on notice of Ms. Potter's bankruptcy petition; (ii) Ms. Potter acted inequitably, unreasonably, and dishonestly; and (iii) that Appellees (and other third parties) would be prejudiced if the stay were not annulled. (AA 1256–59).

*First*, as to notice, the Bankruptcy Court found that Ms. Potter presented *no* evidence that she served notice on Appellees of her bankruptcy petition, relying instead on incredible conclusory assertions that the Bankruptcy Court rejected. (AA 1256–57). The same remains true here. Appellants point to nothing in their nearly-thirteen-hundred-page Appendix to support their assertion that Appellees were on notice of Ms. Potter's bankruptcy petition. Neither Appellee was even listed in Ms. Potter's creditor matrix. (AA 583–90). The Bankruptcy Court's finding on this point is not clearly erroneous and properly supports its conclusion to retroactively annul the stay.

*Second*, as to her conduct, the Bankruptcy Court noted that Ms. Potter filed her bankruptcy petition the day before her scheduled eviction after *years* of litigation in Florida, where her legal arguments were roundly rejected and where she was ordered to vacate her property—an order with which she refused to comply. (AA 1257). In addition, the Bankruptcy Court also highlighted, citing *Matthews v. Rosene*, 739 F.2d 249, 250 (7th Cir. 1984), that Ms. Potter's waiting six years to allege a stay violation was patently unreasonable. (AA 1257). The Bankruptcy Court found—with "no doubt"—that this behavior was inequitable, unreasonable, and dishonest. (AA 1258). Appellants again present no evidence to contradict this conclusion. Here, too, the Bankruptcy Court's findings are not clearly erroneous and properly support its conclusion to retroactively annul the stay.

11

*Finally*, as to prejudice, the Bankruptcy Court again emphasized, citing *Matthews*, 739 F.2d at 250, that Ms. Potter's six-year wait before raising the stay violation issue was prejudicial because it would require (i) a court to unwind years-worth of transactions, (ii) Appellees to litigate damages for alleged violations that occurred a decade ago (with all of the attendant discovery problems associated with such a time lapse), and (iii) Appellees to bear unreasonable litigation costs.[6] Appellants again fail to produce any evidence suggesting these findings are erroneous (let alone clearly so). Accordingly, once again, the Bankruptcy Court's findings are not clearly erroneous and properly support its conclusion to retroactively annul the stay.

In conclusion, because it was not based on any clearly erroneous findings of fact, errant conclusions of law, or an improper application of law to fact, *all* reasonable persons would agree with the Bankruptcy Court's conclusion that the equities supported retroactively annulling the automatic stay. See *In re Marasek*, 2015 WL 1799743, at *3. It was thus not an abuse of discretion and must be affirmed.[7]

---

[6] The Bankruptcy Court also noted that, even if stay-violation litigation were allowed to proceed, this Court would likely find the doctrine of laches would apply, citing *In re Ottoman*, 621 B.R. 768, 790 (Bankr. E.D. Mich. 2020). (AA 1258–59). Although the Court need not and does not reach the question of adopting the Bankruptcy Court's prediction, the Court notes that it adds further support to its conclusion to annul the stay.

[7] The Bankruptcy Court provided several additional reasons beyond the equities-balancing test to support its conclusion to annul the stay. Namely, the Court concluded that Ms. Potter had acted in bad faith in filing her bankruptcy petition, and rejected Appellants' arguments regarding (i) adverse possession, (ii) Appellees alleged failure to deny previously-adjudged facts and legal conclusions, (iii) the suggestion that the automatic stay is an "absolute right," and (iv) that the case should be "remand[ed]" to this Court. (AA 1259–62). Because the Court concludes that the Bankruptcy Court's decision should be affirmed on the basis of the equities-balancing test, it need not reach and offers no opinion regarding these additional arguments.

## **CONCLUSION**

For the foregoing reasons, the decision of the U.S. Bankruptcy Court for the District of New Jersey is **AFFIRMED**. An appropriate Order accompanies this Opinion.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**